# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Spero C. Keretses, Respondent.

Appellate Case No. 2016-001467

Opinion No. 27656
Submitted August 9, 2016 – Filed August 24, 2016

## PUBLIC REPRIMAND

Leslie M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the issuance of a public reprimand or the imposition of a definite suspension not to exceed two years.  Respondent has agreed to pay the costs incurred by ODC and the Commission on Lawyer Conduct in investigating and prosecuting this matter within thirty days of discipline being rendered.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

ODC was notified by BB&T that two items were presented against insufficient funds in respondent's trust account.  Respondent immediately covered the deficiency with personal funds and both checks were cleared by the bank.  Upon

investigation into the shortage, respondent discovered an employee who was helping him with real estate transactions had made several wire transfers from respondent's trust account into the employee's personal account over a period of two years. A portion of the misappropriated funds represented earned fees that respondent had not removed from his trust account.

Respondent failed to comply with the recordkeeping and reconciliation requirements of Rule 417, SCACR, by not maintaining adequate client ledgers or conducting appropriate monthly reconciliations of his trust account. Due to the lack of account reconciliations and financial records, ODC was unable to determine the exact amount of funds that were misappropriated. However, a review of the bank statements for respondent's trust account revealed the employee transferred approximately $23,284.95 from the account to the employee's personal account over a two year period.

Respondent represents he has restored all client funds to the trust account. He also acknowledges that his commingling of legal fees and client funds as well as his failure to conduct appropriate reconciliations contributed to his failure to detect the misappropriations. Finally, respondent acknowledges his failure to properly supervise the employee contributed to the employee's ability to misappropriate funds from the trust account. Respondent voluntarily enrolled in and completed the Legal Ethics and Practice Program Trust Account School on September 29, 2015.

## Law

Respondent admits that he has violated Rules 1.15 (requirements for safekeeping property) and 5.3 (responsibility for supervising non-lawyer assistants) of the Rules of Professional Conduct, Rule 407, SCACR. Respondent also concedes he has violated provisions of Rule 417, SCACR, regarding financial recordkeeping. Finally, respondent admits these violations constitute grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional misconduct of lawyers).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**